IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| EILEEN LEAHY, | * | |
| *Plaintiff*, | * | |
| v. | * | Case No: |
| OMNI HOTELS MANAGEMENT CORPORATION; TRT HOLDINGS, INC.; and JANE DOE | * | |
| | * | |
| *Defendants.* | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Omni Hotels Management Corporation and TRT Holdings, Inc. (collectively, "Omni"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of this action to the United States District Court for the District of New Hampshire. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face the Complaint that the plaintiff, Eileen Leahy ("Plaintiff"), seeks judgment in excess of $75,000, exclusive of interest and costs, for her claimed personal injury. In further support of this Removal, Omni states as follows:

## INTRODUCTION

1.    Plaintiff initiated this action on December 13, 2019 by filing this Complaint in the Coos County Superior Court. The state court action was assigned civil action number 212-2019-CV-00225.

2.    In her Complaint, Plaintiff alleges she sustained personal injuries from a slip and fall on Omni's property on December 30, 2017. (Compl. ¶¶ 5-9.) Omni denies Plaintiff's

allegations.

**GROUNDS FOR REMOVAL**

I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER
       JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

       A.     <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

       3.     Removal is timely pursuant to 28 U.S.C. 1446(b) because Omni's Notice of

Removal was made within thirty (30) days of service of the Summons and Complaint upon it.

Omni Hotels Management Company was served with the Complaint on January 17, 2020.

       4.     The amount in controversy requirement for diversity jurisdiction is satisfied in this

case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

       5.     The Complaint fails to demand a sum Plaintiff is seeking. However, 28 U.S.C.

§1446 (c)(2) provides:

> (2)  If removal of a civil action is sought on the basis of the jurisdiction conferred
> by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the
> initial pleading shall be deemed to be the amount in controversy, except that--
> > (A)  the notice of removal may assert the amount in controversy if the initial
> > pleading seeks--
> > > (i)  nonmonetary relief; or
> > > (ii)  a money judgment, but the State practice either does not permit
> > > demand for a specific sum or permits recovery of damages in excess
> > > of the amount demanded; and
> > (B)  removal of the action is proper on the basis of an amount in controversy
> > asserted under subparagraph (A) if the district court finds, by the
> > preponderance of the evidence, that the amount in controversy exceeds the
> > amount specified in section 1332(a) [28 USCS § 1332(a)].

       6.     Pursuant to 28 U.S.C. §1446 (c)(2)(A), Omni states the amount in controversy

exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident she "suffered

serious, painful, and long-lasting injuries, physical pain and anguish, emotional distress, and loss

of capacity for the enjoyment of life" and "was required to undergo medical treatment and incur medical costs." . (Compl. ¶ 13a.-b.) Plaintiff further claims that she "was hurt, injured, and caused to sustain losses, including a diminished quality of life." (Compl. ¶ 13c.) Plaintiff has also described her injuries as permanent, stating:

> the defendants caused the suffer severe personal injuries, some of which are permanent, to suffer pain, anguish and mental distress, past, present and future, to incur medical and hospital bills, past, present and future, to suffer lost wages and diminished earning capacity, and other losses, including a diminished quality of life; all to the damage of the plaintiff, within the minimum and maximum jurisdictional limits of this Court.

(Form Compl. ¶ 11.).

7.      Although Omni denies that Plaintiff is entitled to any award of damages, the Court should infer from Plaintiff's purported damages, including her alleged past, present and future claims for damages, as well as severe physical and mental injuries some of which she claims are permanent, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum. Where the Complaint fails to state an amount in controversy, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed [$ 75,000]." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Plaintiff's allegations weigh heavily in favor of finding the Complaint states an amount in controversy in excess of $75,000.00.[1] *See e.g., Duchesne v. Am. Airlines, Inc.,* 758 F.2d 27, 28-30 (1st Cir. 1985) (holding that ten months of dizziness and headaches supported claim in excess of $ 10,000 in 1984 dollars despite

---

[1] However, if the amount in controversy is not facially apparent from the Complaint, Defendant requests leave to conduct limited discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. A removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010); *See also, e.g., Shannon v. Albertelli Firm, P.C.*, No. 4:13-CV-0265-HLM, 2014 U.S. Dist. LEXIS 185636, at *14 (N.D. Ga. Jan. 21, 2014) (noting in some cases the defendant may need to provide additional evidence demonstrating removal is proper. (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010))).

"negligible" medical expenses); *Evans*, 326 F. Supp. 2d at 221 ("Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress…could be valued at $ 75,000 or more); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig*., 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given  the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and  supported by the preponderance of the evidence that the amount in controversy has been established."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of 75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a

finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."); *Yocham v. Novartis Pharms. Corp.*, No. 07-1810 (JBS), 2007 U.S. Dist. LEXIS 58938, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("[I]t appears from the face of the Complaint that the amount in controversy exceeds $75,000" where the plaintiff alleged a skin condition which resulted in hospitalization at a burn unit and seeking "compensatory damages for 'past, present, and future pain and suffering,' lost earnings, past and future medical expenses and punitive damage."). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

8.      The facial allegations of Plaintiff's Complaint are sufficient to confer the jurisdiction of this Court, even if Plaintiff subsequently attempts to amend her complaint or submit other papers to this Court indicating her claim does not exceed $75,000. *See Lowe v. Sears Holding Corp.*, 545 F. Supp. 2d 195, 196-97 (D.N.H. 2008). In *Lowes*, this Court observed:

> The Supreme Court has held that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction" -- including that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-93, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (footnotes omitted). A number of circuits have held accordingly that, where a plaintiff files suit in state court without limiting his potential recovery below the threshold for federal subject-matter jurisdiction, he may not attempt to do so after the case has been removed to federal court. *See, e.g., Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); 14B Wright, *supra*, § 3702, 63-68…
>
> Though the First Circuit has yet to pass on this issue, one of this court's sister districts has agreed with the majority view "that plaintiffs may not change the amount in controversy after removal in an effort to defeat federal jurisdiction." *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 4 (D. Me. 2004). This court agrees that this rule makes eminent sense and, in any event, is dictated by the Supreme Court's decision in St. Paul. As the Court there explained, "[i]f the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of

his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." 303 U.S. at 294.

*Id.* 196-97.

9.     Further, Plaintiff's pre-suit demand packaged asserted medical bills in excess of $99,000 as a result of the incident that is the subject of her Complaint, and demanded $450,000 to settle her claim. *See, e.g., Lath v. Camp*, 2018 U.S. Dist. LEXIS 177370, * 9-10, 2018 DNH 205 (D. N.H. Oct. 16, 2018) ("a settlement demand is 'relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim'").

B.     <u>There is complete diversity among the parties</u>.

10.     Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of the Commonwealth of Massachusetts. (Compl. ¶ 1.)

11.     For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332 (c)(1). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Omni Hotels Management Corporation and TRT Holdings, Inc. were Delaware corporations with their principal place of business in Dallas, Texas. (Compl. ¶¶ 2-3.) Thus, at all relevant times hereto, Omni Hotels Management Corporation and TRT Holdings, Inc. were citizens of the States of Delaware and Texas for purposes of determining diversity.

12.     Defendant Jane Doe is a fictitious name whose true name is unknown to Plaintiff. (Compl. ¶ 4.) For purposes of diversity of citizenship, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(b)(1). As a result, the citizenship of defendant Jane Doe may be disregarded for the purpose of determining whether this action is

removable on the basis of diversity jurisdiction.

13.     Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C.     Venue and other requirements are satisfied.

14.     This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces Carroll County Superior Court, the forum in which the removed action was pending. *See* 28 U.S.C. § 109.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

15.     Omni is not citizen of the State of New Hampshire, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

16.     As counsel for Omni, the undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

17.     Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Omni in the original state court action as of this date are attached hereto as "**Exhibit A**".

18.     Pursuant to 28 U.S.C. § 1446(d), Omni filed a written notice of removal with the Clerk of the Carroll County Superior Court, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit B**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

19.      By filing this Notice of Removal, Omni does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum,

all defenses specified in Fed. R. Civ. P. 12, or any other defense.

20.    If any question arises regarding the propriety of the removal of this action, Omni respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Omni Hotels Management Corporation and TRT Holdings, Inc. respectfully removes this action to the United States District Court for the District of New Hampshire, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

OMNI HOTELS MANAGEMENT
CORPORATION and TRT HOLDINGS, INC.


*/s/ Heather M. Gamache*
Heather M. Gamache, Bar ID 266845
Rackemann, Sawyer & Brewster, P.C.
160 Federal Street
Boston, MA 02132
Telephone: (617) 542-2300
HGamache@rackemann.com
*Counsel for Defendants*


C. Stephen Setliff (*pro hac application to follow removal*)
Eli Jason S. Mackey (*pro hac application to follow removal*)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:     (804) 377-1260
Facsimile:      (804) 377-1280
Email:  ssetliff@setlifflaw.com
        jmackey@setlifflaw.com
*Counsel for Defendants*

Dated: January 31, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2020, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

Gregory V. Sullivan
N.H. Bar No.: 2471
Malloy & Sullivan,
Lawyers Professional Corporation
59 Water Street,
Hingham, MA 02043
(781)749-4141
g.sullivan(@mslpc.net

/s/ Heather M. Gamache
Heather M. Gamache, Bar ID 266845
Rackemann, Sawyer & Brewster, P.C.
160 Federal Street
Boston, MA 02132
Telephone: (617) 542-2300
HGamache@rackemann.com
*Counsel for Defendants*