UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eileen Leahy

    v.                                            Civil No. 20-cv-180-LM
                                                Opinion No. 2021 DNH 128 P

Omni Hotels Management Corporation, et al.

**O R D E R**

Plaintiff Eileen Leahy brings this personal injury action against defendants Omni Hotels Management Corporation ("Omni") and Laurie Morgan. The alleged injury occurred at Bretton Woods Ski Lodge ("Lodge") in Bretton Woods, New Hampshire. Omni operates the Lodge and Morgan is a Lodge employee. Leahy alleges that she slipped while walking towards the Lodge entrance. While trying to help Leahy, Morgan allegedly fell on Leahy's leg causing a fracture. Leahy is a citizen of Massachusetts, Omni is a citizen of Texas and Delaware, and Morgan is a citizen of New Hampshire.

At the time Leahy filed her complaint, she did not know Morgan's name or address. Leahy filed her complaint against Omni, TRT Holdings, Inc.,[1] and "Jane Doe" in New Hampshire state court. Shortly thereafter, Omni removed the case to federal court on the basis of diversity jurisdiction. On April 10, 2020, Leahy served Omni with interrogatories requesting the identity and address of the employee that fell on Leahy's leg. On August 13, 2020, after obtaining the employee's identity,

---

[1] This court later dismissed TRT Holdings for lack of personal jurisdiction. Like Omni, TRT Holdings is a citizen of Texas and Delaware.

Leahy filed an amended complaint joining Morgan as a defendant. Leahy asserts that she requested Morgan's address numerous times in discovery, but Omni did not reveal that Morgan is a New Hampshire resident until May 5, 2021.

Leahy now moves to remand the case to state court. See doc. no. 39. Leahy argues that the court lacks subject matter jurisdiction under the forum defendant rule because Morgan resides in New Hampshire. Omni responds that, once properly removed, the joinder of a forum defendant does not destroy diversity jurisdiction so long as the parties remain completely diverse following joinder. For the reasons discussed below, Leahy's motion is denied.

## LEGAL STANDARD & ANALYSIS

Within 30 days after receiving the initial pleading, a defendant may remove from state to federal court a civil action over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(1). A court determines the propriety of removal by examining the complaint as of the time of removal. See Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990). Remand is required "[i]f at any time before final judgment . . . the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Not every case over which a district court has subject matter jurisdiction may be removed, however. The removal statute contains what is commonly referred to as the "forum defendant rule." See 28 U.S.C. § 1441(b)(2). The forum defendant rule provides that a "civil action otherwise removable solely on the basis of

[diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. Relatedly, "in determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

The plain language of the removal statute makes clear that the forum defendant rule only bars removal when a forum defendant has been "properly joined and served." 28 U.S.C. § 1441(b)(2); see Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018); see also Gentile v. Biogen Idec, Inc., 934 F.Supp.2d 313, 316-18 (D. Mass. 2013) (holding that plain language of removal statute permits a properly served, non-forum defendant to remove before plaintiff effects service on a forum defendant). Because Morgan had been neither joined nor served at the time of removal, the forum defendant rule did not preclude Omni's removal.

Leahy appears to acknowledge that the forum defendant rule did not prevent Omni from removing her action. Leahy argues, however, that the forum defendant rule is jurisdictional and that Morgan's post-removal joinder deprives the court of subject matter jurisdiction even though the parties remained completely diverse following her joinder.[2]

---

[2] In the alternative, Leahy asserts a policy argument. Leahy argues that remand under the facts of this case is consistent with the purpose of the forum defendant rule. However, the starting point in discerning a statute's purpose is the statute's text. Doyle v. Huntress, Inc., 419 F.3d 3, 8 (1st Cir. 2005). "When the statute's language is plain, the sole function of the courts . . . is to enforce it

Leahy is incorrect. The First Circuit has held—along with every other Court of Appeals to have considered the issue—that removal despite a joined and served in-forum defendant is a "procedural defect that is subject to waiver." Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012); see also, e.g., Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053 (8th Cir. 2020) (bringing Eighth Circuit in line with the "[n]ine other circuits" and holding that the forum defendant rule is non-jurisdictional and thus waivable). Because the forum defendant rule does not implicate the court's subject matter jurisdiction, the post-removal joinder of a forum defendant does not, by itself, impact the court's subject matter jurisdiction. See Samaan, 670 F.3d at 28. Moreover, "[t]he forum defendant rule . . . is only applicable at the time a notice of removal is filed." Spencer v. U.S. Dist. Ct. for N. Dist. of Ca., 393 F.3d 867, 871 (9th Cir. 2004). The post-removal joinder of a forum defendant does not implicate the forum defendant rule, regardless of whether the rule is properly characterized as jurisdictional or procedural in nature. See id.

For these reasons, the court denies Leahy's motion to remand.[3]

---

according to its written terms." Id. (brackets omitted) (quoting Dodd v. United States, 545 U.S. 353, 359 (2005)). Because the removal statute is plain on its face, Leahy's policy argument goes nowhere. Moreover, to the extent Leahy suggests that Omni was required to affirmatively furnish information regarding Morgan's identity and citizenship prior to removal, Leahy cites no authority for this contention.

[3] Leahy requests oral argument, but the court finds that oral argument would not assist the court in deciding this motion.

## CONCLUSION

Plaintiff's motion to remand (doc. no. 39) is denied.

SO ORDERED.

                                                                          _____
                                                                          Landya McCafferty
                                                                          United States District Judge

August 13, 2021

cc: Counsel of Record